# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ROBERT MILLS,

    Petitioner,

vs.                                       Case Nos.:   3:11-cv-396-J-32JBT
                                                                           3:02-cr-115-J-32JBT-1

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This case is before the Court on Petitioner Robert Mills' Notice of Appeal (Doc. 23)[1], as well as correspondence from the Clerk of Court of the Eleventh Circuit Court of Appeals, dated December 23, 2014, inquiring as to whether the Court has ruled on Petitioner's entitlement to a certificate of appealability (COA).

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S.

---

[1]     Citations to the record in Petitioner's criminal case file, United States of America v. Robert Mills, 3:02-115-J-32JBT-1, are denoted as "Crim. Doc. ___." Citations to the record in Petitioner's current § 2255 civil case file, 3:-11-cv-396-J-32JBT, are denoted as "Doc. ___."

473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Upon review, the Court does not find that its assessment that Mills has not overcome procedural default by establishing "actual innocence," see Doc. 21, generally, was debatable or wrong.[2]  Accordingly, it is hereby **ORDERED**:

1. To the extent the Court construes Petitioner's Notice of Appeal as a motion for a certificate of appealability, the Court concludes that a certificate of appealability should be **DENIED**.

2. The Clerk is directed to forward a copy of this Order to the Clerk of Court for the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of January, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

---

[2] The Court has also previously authorized Petitioner to proceed in forma pauperis ("IFP") (Doc. 29), concluding that Petitioner's request was taken in good faith.  This Order does not conflict with that one.  An appeal may nevertheless be taken "in good faith," and IFP status granted, even where the district court has denied a COA because the standard for "good faith" differs from the standard for granting a COA. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000); see also Hernandez v. United States, 212 F. App'x 832, 834 (11th Cir. 2006) (district court granted IFP status while denying COA).  Therefore, this Order does not affect the Court's previous determination that Petitioner may proceed IFP.

Lc 19

Copies:
Petitioner Robert Mills
Counsel of record